# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:08-CR-424** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **WILLIAM DAVENPORT** | : | |

## <u>**ORDER**</u>

AND NOW, this 12th day of January, 2012, upon consideration of the motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 334) filed on June 24, 2011, by defendant William Davenport ("Davenport"), wherein Davenport requests relief from the Order of the court dated June 9, 2011 (Doc. 332), deeming Davenport's motion for return of property (Doc. 327) withdrawn for failure to submit a brief in support of the motion pursuant to Local Rule 7.5, see L.R. 7.5 (stating that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion), and in which Davenport requests the opportunity to submit a brief in support of his motion (Doc. 327) within fourteen days,[1] and it appearing that pursuant to Federal Rule of Civil Procedure 60(b) the court may relieve a party from an order due to "mistake, inadvertence,

---

[1] Davenport asserts that he failed to comply with Local Rule 7.5 because he never received a copy of the order docketed at number 325. (<u>See</u> Doc. 334). However, Document 325 is the court's Memorandum and Order dismissing for lack of jurisdiction Davenport's prior motion for return of property (Doc. 308), relating to a seized vehicle and jewelry. (Doc. 325). The Order of June 9, 2011, deemed Davenport's second motion for return of property (Doc. 327), relating to seized currency, withdrawn for failure to comply with local briefing rules. (Doc. 332). Nonetheless, Davenport further states that he was unaware that he had to submit a brief in support of his motion within 14 days, pursuant to L.R. 7.5. (Doc. 334, at 2).

surprise, or excusable neglect," or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1), (b)(6), and the court noting that *pro se* litigants are shown leniency regarding their compliance with procedural rules and regulations, see e.g., United States v. Meehan, Civil Action No. 10-713, 2011 WL 3438093, at *7 (E.D. Pa. Aug. 4, 2011) (refusing to deny pro se defendants' motions on the basis of procedural errors, such as violating the court's pretrial motion procedures), and the court finding that Davenport was unaware of the briefing requirement and promptly moved for relief after entry of the court order deeming his motion withdrawn,[2] and the court concluding that his failure to file a brief in the instant matter amounts to inadvertence or excusable neglect, see Fed. R. Civ. P. 60(b)(1), and that the prior Memorandum and Order of the Court did not address the seizure of currency at issue in Davenport's second motion for return of property (Doc. 327), it is hereby ORDERED that:

1. The motion for relief from judgment (Doc. 334) is GRANTED.

2. The order of the court (Doc. 332) is VACATED.

3. Within fourteen (14) days of the date of this order Davenport shall file a brief in support of his motion for return of property (Doc. 327).

4. The government may supplement its motion to dismiss (Doc. 328) Davenport's motion for return of property within fourteen (14) days of receipt of the brief in support.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The court did not issue, and was not required to issue, an order directing Davenport's compliance with Local Rule prior to deeming the motion withdrawn. See L.R. 7.5.