IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:08-CR-424**
:
**v.** : **(Judge Conner)**
:
**WILLIAM DAVENPORT** :

## <u>ORDER</u>

AND NOW, this 12th day of January, 2012, upon consideration of the motion to set aside judgment of forfeiture (Doc. 330), filed by defendant William Davenport ("Davenport"), wherein Davenport requests that the court set aside the declaration of forfeiture of a 2006 Mercedes Benz and assorted jewelry seized by the Drug Enforcement Agency in connection with Davenport's criminal prosecution, and it appearing that the court previously dismissed a motion for return of said Mercedes Benz and assorted jewelry (Doc. 308) for lack of jurisdiction upon finding that the forfeiture proceedings comported with the requirement of the applicable forfeiture statute and with the notice requirements of due process (<u>see</u> Doc. 325), and the court finding that a non-judicial forfeiture may be set aside only if the government failed to take reasonable steps to provide notice to a person entitled to written notice and the person did not know or have reason to know of the seizure within sufficient time to file a timely claim, <u>see</u> 18 U.S.C. § 983(e)(1), and it appearing that a motion to set aside forfeiture filed pursuant to 18 U.S.C. § 983(e), "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil

forfeiture statute," see id. § 983(e)(5),[1] and the court concluding as it did in its prior Memorandum and Order dismissing Davenport's motion for return of said property, that Davenport received notice of the civil forfeiture proceedings against his property in accordance with statute and the requirements of due process, and had sufficient time to file a timely claim, (see Doc. 325, at 8-9; Doc. 330 (wherein Davenport admits to receiving forfeiture notices on January 15, 2009, while incarcerated at Dauphin County Prison)); see also Dusenbery v. United States, 534 U.S. 161 (2002) (due process notice requirements satisfied where FBI sent notice of forfeiture by certified mail to prison where claimant incarcerated), it is hereby ORDERED that the motion to set aside judgment of forfeiture (Doc. 330) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Davenport cites Federal Rule of Civil Procedure 60(b)(6) as the basis for the court's authority to set aside the declaration of forfeiture. (Doc. 330). However, the statute governing civil forfeiture proceedings dictates that the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute is pursuant to a motion under 18 U.S.C. § 983(e)(5).